UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-107 (PJS/DJF)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S PRELIMINARY |
| v. | ) | RESPONSE TO DEFENDANT'S |
| | ) | PRETRIAL MOTION TO SUPPRESS |
| ISSAC ONEAL MAIDEN, | ) | EVIDENCE |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its undersigned attorneys, hereby submits its preliminary response in opposition to the defendant's pretrial motion to suppress search and seizure evidence. (ECF 17) The United States respectfully requests leave to further brief its opposition to this motion, based on any argument or further written submission made by the defendant after an evidentiary hearing on this matter.

The defendant moves to suppress the seizure of a loaded firearm (with an attached machinegun conversion device that enabled his firearm to fire as a fully automatic machinegun) from an impounded rental vehicle in which the defendant recklessly fled from police at high speeds, and from which he fled on foot when police ordered him to stop. Police arrested the defendant after a foot chase across lanes of traffic. A search of the defendant incident to his arrest yielded two large banded stacks of cash, a baggie containing two packaged bindles of cocaine, and a baggie containing over 150 fentanyl pills. Police impounded the rental vehicle and had it towed to the police lot after conducting an initial search that yielded additional cash (over $10,200 total) and a cell phone. After delivering the impounded rental vehicle to the police lot, the tow driver alerted police that he saw a

firearm on the driver's side floor.  An officer went to the lot and retrieved the firearm from the rental vehicle.

The defendant asserts that the firearm should be suppressed because police "had an obligation to get a search warrant before searching the vehicle."  (ECF 17)  But the evidence and testimony will show that several well-established exceptions to the warrant requirement apply, including the plain-view exception, the automobile exception, and the community caretaking function, among others.  *E.g., United States v. Soderman*, 983 F.3d 369, 376 (8th Cir. 2020) (stating that automobile exception applies to impounded vehicles even when an immediate search could have been conducted on the scene, and rejecting argument police were required to obtain a warrant prior to searching the impounded vehicle); *United States v. Bettis*, 946 F.3d 1024, 1030 (8th Cir. 2020) (holding that probable cause permits police to conduct warrantless search of impounded vehicle and search need not be completed at roadside); *United States v. Bynum*, 508 F.3d 1134, 1137 (8th Cir. 2007) (holding that officer's seizure of handgun observed inside vehicle was constitutional under plain view doctrine); *United States v. Petty*, 367 F.3d 1009, 1012-13 (8th Cir. 2004) (finding rental vehicle properly impounded under community caretaking function after arresting driver); *United States v. Hatten*, 68 F.3d 257, 261 (8th Cir. 1995) (finding officer's observing barrel of firearm sticking out from under driver's seat in plain view afforded probable cause to seize firearm without a warrant).

3

Dated:  <u>May 22, 2023</u>                            Respectfully submitted,

ANDREW M. LUGER
United States Attorney

/s/ *Benjamin Bejar*
BY: BENJAMIN BEJAR
Assistant United States Attorney
Attorney ID No. 351131