UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-107 (PJS/DJF)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) GOVERNMENT'S RESPONSE IN ) OPPOSITION TO DEFENDANT'S ) MOTION TO DISMISS COUNTS 1 |
| ISSAC ONEAL MAIDEN, | ) AND 3 ) |
| Defendant. | ) |

The United States of America, by and through its undersigned attorneys, hereby respectfully submits its response in opposition to the defendant's motion to dismiss Counts 1 and 3 of the Indictment filed against him on March 21, 2023. (ECF 1) The defendant asserts that Counts 1 and 3, charging firearms-related offenses, are both "facially unconstitutional and unconstitutional as applied to Mr. Maiden under the Second Amendment, as interpreted in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022)." (ECF 21 at 1) The defendant, however, concedes and acknowledges that the Eighth Circuit, in *United States v. Jackson*, 69 F.4th 495, 501 (8th Cir. 2023), has already recently "ruled that § 922(g)(1), prohibiting felons from possessing firearms and charged here as Count 1, is constitutional after *Bruen*." (ECF 21 at 2) But he nonetheless appears to claim that *Jackson*'s holding is in doubt because it purportedly "relied heavily" on a Third Circuit panel decision that was reversed after en banc review. (Id.) *See Range v. Att'y Gen.*, 53 F.4th 262 (3d Cir. 2022), *vacated, reh'g en banc granted*, 56 F.4th 992 (3d Cir. 2023).

For the several reasons below, the defendant's motion lacks merit and should be summarily denied.

ARGUMENT

The defendant is charged in a three-count Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), (Count 1), which carries a statutory maximum of 15 years' imprisonment, with possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), (Count 2), which carries a statutory maximum of 20 years' imprisonment, and with carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), (Count 3), which carries a statutory mandatory-minimum consecutive term of 5 years' imprisonment. (ECF 1)

As an initial matter, the Indictment returned by the grand jury in this case fully complies with Fed. R. Crim. P. 7(c)(1) in that it contains a "plain, concise, and definite written statement of the essential facts [and elements] constituting the offense[s] charged" and from which the defendant is sufficiently able to prepare his defense. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Fleming*, 8 F.3d 1264 (8th Cir. 1993); *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982). The Indictment, therefore, is sufficient on its face.

The defendant asserts that *Jackson* "relied heavily" on the Third Circuit's panel decision in *Range* before the en banc rehearing, and intimates that because the Third Circuit vacated the panel's decision and reversed the district court, *Jackson* purportedly now stands on dubious footing. (ECF 21 at 2) But the defendant mischaracterizes *Jackson*'s treatment

2

of *Range*. First, the *Range* panel decision cited in *Jackson* had already been vacated because en banc rehearing had been granted. *See Jackson*, 69 F.4th at 502 (citing *Range*, 53 F.4th at 269). Because the Eighth Circuit was already aware that the Third Circuit's panel decision in *Range* had already been vacated, the defendant's assertion that the Eighth Circuit "relied heavily" on a vacated opinion lacks merit. Second, *Jackson* cited the vacated *Range* panel decision only three times, and debated the merits of each of those three portions of the decision. *See Jackson*, 69 F.4th at 502 (citing *Range*, 53 F.4th at 269, and juxtaposing *Range*'s interpretation with the defendant's as debatable regarding the historical restrictions on possession of firearms by certain groups of people); *id.* at 503 (citing *Range*, 53 F.4th at 281-82, and discussing legislatures' discretion to disqualify categories of persons from possessing firearms on grounds other than dangerousness); *id.* at 504 (citing *Range*, 53 F.4th at 275, 282, and discussing historical regulation of firearms possession on grounds of dangerousness in contrast to *Range*). Third, and finally, *Jackson*'s holding was based entirely on the Eighth Circuit's independent interpretation and analysis of recent Supreme Court precedent, including *Bruen*, and not in any way based on the holding of the vacated *Range* panel decision. *See Jackson*, 69 F.4th at 505-06 ("Consistent with the Supreme Court's assurances that recent decisions on the Second Amendment cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons, we conclude that the statute is constitutional as applied to Jackson.").

Moreover, the Third Circuit's en banc *Range* decision expressly "is a narrow one." *Range v. Att'y Gen.*, 69 F.4th 96, 106 (3d Cir. 2023). It simply found that Range did not fall within the ambit of § 922(g)(1)'s prohibition under *Bruen*'s analysis. Its holding only

3

applied to Range and persons like him, i.e., those who are *not* convicted of a felony[1] and were not shown to have had a longstanding history and tradition of the Republic depriving persons like him of their firearms. *Id.* By contrast, the defendant has two prior *felony* convictions, and *Jackson* found § 922(g)(1) constitutionally applies to felons, in line with recent Supreme Court precedent, including *Bruen*. Additionally, *Range* did not find that § 922(g)(1) is unconstitutional on its face, as the defendant urges "based largely on the Third Circuit's en banc opinion in *Range*." (ECF 21 at 3) Rather, the en banc *Range* opinion expressly agreed that "the legislature may constitutionally strip certain groups of th[e] right" to keep and bear arms. *Range*, 69 F.4th at 102 (citing a Seventh Circuit opinion authored by then-Judge Amy Coney Barrett) (cleaned up). And the en banc court in *Range* quoted the Supreme Court's recent Second Amendment jurisprudence to note that "Section 922(g)(1) is a straightforward prohibition on the possession of firearms by felons," *id.* at 104 (quoting *Heller*, 554 U.S. at 626) (cleaned up), and that Justice Kavanaugh in his concurring opinion in *Bruen*, "wrote that felon-possession prohibitions are 'presumptively lawful' under *Heller* and *McDonald*," *id.* at 103 (quoting *Bruen*, 142 S. Ct. at 2162). That the en banc *Range* decision did not cast any doubt on the *Jackson* decision is underscored by the fact that the concurrence in *Range* cited *Jackson* approvingly three times and stated that § 922(g)(1) "remains 'presumptively lawful.'" *See Range*, 69 F.4th at 109, 110, 111) (Ambro, J., concurring). Since a fair reading of the en banc *Range* decision does not benefit

---

[1] Range was convicted of a misdemeanor in 1995 for making a false statement on a food-stamps application, which under Pennsylvania law carried an imprisonment term of up to five years. *Range*, 69 F.4th at 98.

the defendant, it certainly cannot serve as the basis for dismissing the firearm-related counts in the present indictment as unconstitutional.[2]

In any event, it is black letter law that a district court is "bound . . . to apply the precedent of this Circuit." *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (reversing district court for erroneously "declin[ing] to apply binding precedent of our Circuit and instead embrac[ing] the reasoning of [other] circuits, which have rejected our approach to interpreting § 921(a)(20)"). *Accord Calzone v. Summers*, 942 F.3d 415, 426 n.8 (8th Cir. 2019) (Grasz, J., concurring). It is equally well settled that "one panel is not at liberty to overrule a decision of another panel." *United States v. McElroy*, 1 F. App'x 610, 611 (8th Cir. 2001) (quoting *United States v. Prior,* 107 F.3d 654, 660 (8th Cir. 1997)); *Foss v. United States*, 865 F.2d 178, 181 (8th Cir. 1989) ("One panel of this Court cannot reverse another panel, even if it were inclined to do so. Such action requires an en banc decision."). Accordingly, *Jackson* remains the law of the Eighth Circuit, which this Court is bound to apply.

Because the Supreme Court has held and affirmed after *Heller*, *McDonald*, and *Bruen* that its holdings should not cast doubt on presumptively lawful prohibitions of felons possessing firearms, the defendant's motion lacks merit. This was basis of *Jackson*'s

---

[2] The defendant correctly notes that the Eighth Circuit has not ruled on the post-*Bruen* constitutionality of § 924(c), as charged in Count 3, prohibiting the carrying, brandishing, and/or use of a firearm during and in relation to a crime of violence or a drug-trafficking crime. (ECF 21 at 3)  And neither did the en banc *Range* decision.  But *Bruen* "reaffirms that felon-in-possession laws are presumed to be lawful." *Range*, 69 F.4th at 110 (Ambro, J., concurring); *Jackson*, 69 F.4th at 501-02 (*Bruen* "reaffirmed that the right is subject to certain reasonable , well-defined restrictions, [and] did not disturb those statements or cast doubt on the prohibitions."). Notably, § 924(c) is not a status-based prohibition on firearm possession, but proscribes anyone from possessing a firearm during and in relation to the commission of another enumerated felony.

holding, and the en banc *Range* decision relied on by the defendant did not hold any differently. Accordingly, the defendant's motion should be denied.

## CONCLUSION

For all the foregoing reasons, the defendant's motion to dismiss Counts 1 and 3 should be denied.

Respectfully submitted,

Dated:  June 23, 2023

ANDREW M. LUGER
United States Attorney

/s/ *Benjamin Bejar*

BY: BENJAMIN BEJAR
Attorney ID No. 351131
Assistant United States Attorney